

Entered on Docket
November 07, 2005

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
302 E Carson Ave, Suite 300
LAS VEGAS, NV 89101
kal13mail@las13.com
(702) 853-0700

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br>ARMANDO M CORTINAS<br>BEATRICE B CORTINAS<br>1060 SWEENEY AVENUE<br>LAS VEGAS, NV 89104 | CHAPTER 13<br>CASE NO: BKS-03-19607-LBR<br><br>Hearing Date: 10.27-05<br>Hearing Time: 1:30 pm. |

### ORDER CONFIRMING THE DEBTOR(S) MODIFIED PLAN # 3 , AWARDING FEES TO THE DEBTOR(S) ATTORNEY AND RELATED ORDERS

Following the meeting of creditors held pursuant to 11 U.S.C. 341 at which the debtors appeared in person to be examined by creditors and other interested parties, a hearing was held pursuant to 11 U.S.C. 1324 at which Kathleen A. Leavitt, Chapter 13 Standing Trustee, or her appointed representative appeared in person and the debtor appeared by his attorney FRANK SORRENTINO ESQ
Other appearances:_____

The debtor is hereinafter referred to in the masculine, even though this be a joint case or the debtor be female. All references to the "Rules" shall be interpreted as referring to the Bankruptcy Rules unless the context indicates otherwise.

At such hearing the following objections to confirmation of the debtor (s) plan were considered:

_____

_____

At the hearing, the Court considered the matters presented by the Trustee, counsel for debtor(s) and by other interested parties, and upon the pleadings and statements of parties and of counsel, and the evidence presented, the Court finds that:
    A. Written notice of the meeting of creditors held pursuant to 11 U.S.C. 341 and of this hearing on the confirmation of the Plan, was given as required by Rule 2002;
    B. The Plan represented for confirmation (hereinafter refered to as "the Plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and other applicable provisions of said Title:
    C. Any fee, charges of other amounts required under Chapter 13 of Title 28, or by Plan, are to be paid before confirmation has been paid:
    D. The Plan has been proposed in good faith and not by any means forbidden by law:

E. The value, of the effective date of the Plan, of the property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor or were liquidated under Chapter 7 of Title 11 of the United States Code on such date: and
   a. the liquidation value is and based on the non exempt equity $ 2400
   b. subject to the liquidation value of the following assets: Accounts
   _____

F. With respect to each allowed secured claim provided by the Plan, the holder of such claim either accepted, or was deemed to have accepted, the plan in the alternative-
   a. (i) the Plan provides that the holder of such claims retain the lien securing such claims; and
      (ii) the value, as the effective date of the Plan, of property to be distributed under the Plan on account of such claim is not less than the allowed amount of such claim; or
   b. the plan proposes to surrender the property securing such claim to the creditor,

G. If the Trustee or the holder of an allowed unsecured claim objected to the confirmation of the Plan, then the Court finds that;
   a. the value of the property to be distributed under the Plan on account such unsecured claim is not less than the amount of such claim or
   b. the plan provides that all of the debtor(s) projected disposable income, [as 'disposable income' is defined in 11 U.S.C. 1325 (b)(2)] to be received by the debtor(s) in the three year period beginning on the date that the first payment is due under the Plan.
   c. debtor is required to provide to the Trustee copies of tax returns for the next three years [yes] [no]

IT IS ORDERED THAT:

1. The debtor(s) plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed 5 years is approved.
2. The debtor(s), or his employer, shall make the payments to the Trustee required by the Plan that was confirmed or as hereafter modified. If the debtor(s) does not cause such payments to be timely made, the Trustee shall order [per Section 542(b)] or requesting the Court to order [pursuant to Section 1326(c)] any entity from whom the debtor(s) receives income to pay all or any part of such income to the Trustee.
3. The debtor(s) shall, when practicable, obtain the approval of the Trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be unallowable to the creditor, [U.S.C. 1305 (c) and the debt to be nondischargeable for the debtor[11 U.S.C.1328(d)].
4. The Trustee shall;
(a) Keep a detailed record of all receipts, including the source or other identification of each receipt, and all disbursements [11 U.S.C. 1302 (b)(1)]; and
(b) File with the Court, or if applicable with the entity providing addressing service for the Court and the Trustee, notices for creditor's address changes brought to the attention of the Trustee [Rule 2002(g)]; and
(c) Deposit all funds received by the Trustee under the plan with entity which provides insurance, guaranties of deposit in the manner prescribed by 11 U.S.C. 345.
5. Pursuant to 11 U.S.C. 1326 the order of payment, unless otherwise directed, shall be:
(a) Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 U.S.C.;
(b) The percentage fee fixed for the Trustee pursuant to Section 1302(a) of said title (or Section 586(a)(1) of Title 28, if applicable);
(c) Creditors whose claims are timely filed and allowed or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.
6. The Trustee, the debtor(s) and attorney for debtor(s) shall examine proofs of claim, or summaries thereof, and shall object to the allowances of improper claims as provided by 11 U.S.C. 704(4).
7. The Trustee shall, no less than once a year, deliver to the debtor(s) attorney a report indicating all receipts from the debtor and disbursements made by the Trustee's office within the prior year, or prior six months, if such reports are made semiannually. Additionally, the reports must indicate the existing undistributed funds on hand as described in the 9/91 Edition of the U.S. Department of Justice's Executive Office of the United States Trustees Handbook for Chapter 13 Standing Trustees.
8. Ninety days after final distribution, the Trustee shall stop payment on all checks then unpaid and file with the Clerk of the Court a list of names and addresses, so far known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28. [11U.S.C. 347 Rule 3001].

**ALLOWANCE OF ATTORNEY'S FEES**
Compensation for the attorney for the debtor(s), previously allowed and approved by the Court, shall be paid pursuant to the Order by the Court.  Additional attorney's fees proposed to be paid through this modified plan, but not previously approved by Court Order, shall be brought before the Court upon separate application by the attorney for debtor(s).

Affidavit of Attorney fees required     YES      NO

Submitted by:

/s/ Kathleen A. Leavitt
Kathleen A. Leavitt
CHAPTER 13 BANKRUPTCY TRUSTEE
302 E Carson Ave, Suite 300
Las Vegas, NV 89101
(702) 853-0700


Approved/Disapproved:

_____
FRANK SORRENTINO ESQ
1118 E CARSON AVE,
LAS VEGAS, NV 89101
(702) 384-6824

Attorney for Debtor(s):           Space reserved for Bankruptcy Clerk
Name: FRANK SORRENTINO, ESQ
Bar No.: 000421
1118 E. Carson Ave.
Las Vegas, Nevada 89101
Phone: 384-6824

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA
### (SOUTHERN DIVISION OF NEVADA)

In re:                                     ) CASE NO. BK-S-03-19607-LBR
                                           ) CHAPTER 13
ARMANDO M. CORTINAS &                      ) CHAPTER 13 PLAN - #___3_
BEATRICE B. CORTINAS                       ) MODIFIED PLAN MODIFICATION: ( ) NA (X) Before
                                           )  (x) After Original Confirmation
                                           ) Confirmation Hearing:
          Debtor(s).                       ) DATE:
                                           ) TIME:

1.   **NOTICE TO CREDITORS:** *This Plan may ultimately provide a distribution to general unsecured creditors. Creditors should* __TIMELY__ *file proofs of claim to participate in such distribution.*

2.   **INCORPORATION OF CHAPTER 13 PLAN GUIDELINES:** This plan incorporates the Chapter 13 Plan Guidelines for Las Vegas, Nevada (hereinafter referred to as "Guidelines"). Any creditor may request a copy of the Guidelines from the Chapter 13 Trustee or the attorney for Debtor(s).

3.   **PLAN PAYMENT SCHEDULE:**                                       **Amount**
     Total Paid in as of 4/05                                         $7,600.00
     A.   (i) $_478.00____per month for _~~41~~_ 6 months   $2868 - ~~$19,598.00~~
              (Debtor(s) shall not pay less than 36
              monthly payments unless Plan proposes
              to pay 100% to all filed and allowed claims)
              Payments to commence due on the 22ⁿᵈ of each month
              (Date must match Special Directive to Debtor(s)
              and Their Attorney)
          (ii) Payments shall increase as follows: 540 mo for 34 mo. $18,360 -
              (State reason, i.e., paid in full direct
              during course of Plan or wage increase, etc.)
              B.   Non-monthly payments:
     All lump sum payments must be paid into the Plan
     at least 6 months prior to proposed Plan expiration
     (Court approval may be required).
     Source
     _____   $_____

                                                         $_____
     C.   Total minimum plan payments*                   ~~$27,198.00~~
                                                         $28,798

1

*If amount is pursuant to a settlement, see Exhibit attached.
(must equal line 4.I.)

# 4. CLASSIFICATION OF CLAIMS PAID BY TRUSTEE:
## A. ADMINISTRATIVE CLAIMS:
(1) Debtor's Attorney Compensation
    (Must comply with Guidelines):
    a. **Basic Services:**

| | |
|---|---|
| Attorney fees and costs | $ 2,100.00 |
| Filing fee | $    185.00 |
| TOTAL FOR ATTORNEY | $ 2,285.00 |
| Less: Amount pre-paid By Debtor | ($   750.00) |
| Amount to be paid By Trustee | $ 1,535.00 |

    b. **Estimated additional fees & costs:**

| | |
|---|---|
| Attorney fees & costs | $_____ |
| Less: Amount pre-paid By Debtor | ($_____) |
| Amount to be paid By Trustee per Court order | $_____ |

(2) Other professionals (see Guidelines):
    a.   Claimant:_____
        Type of service:_____

| | |
|---|---|
| Amount of claim: | $_____ |
| Less: Amount pre-paid By Debtor | ($_____) |
| Amount to be paid By Trustee | $_____ |

(3) Other administrative claims:   $_____

The aforementioned administrative claims shall be paid simultaneously with adequate protection payments, if any, on allowed secured claims as set forth at 4(B)(3) as follows:
a.   Minimum monthly payment to attorney:   $_____/mo.
b.   Minimum monthly payment to other professional:   $_____/mo.

(4) Trustee Compensation: See 4(H).

## B. SECURED CLAIMS:
(1)   Taxes (Federal, State, City and County)

2

    a)    Creditor:_Clark County Treasurer__
           Period/Type: Property Taxes___ Claim amount  $_0_____
           Interest rate ___10___%      Approx. Interest $_0_
                                        TOTAL CLAIM        $-0-

(2) Arrearages
    a)    Creditor:_Washington Mutual Mortgage____
           Collateral:_Residence_____     Pre-petition claim $13,791.00
           Interest rate: _____%          Approx. Interest  $_____
           Direct payment $ 804.00_/mo.  To commence:__09/01/03_____
                                        TOTAL CLAIM        $13,791.00___

    b)    Creditor:_West Coast _____
           Collateral:_Residence____     Pre-petition claim $_7,175.00_
           Interest rate: ___%           Approx. Interest  $_____
           Direct payment $271.00_/mo.  To commence:_09/01/03_____
                                        TOTAL CLAIM        $7,176.00


(3) Obligations Paid in Full by Trustee *(refer to*
     *Section 4(B)(3) of the Guidelines)*

a) Real Property
    i)    Creditor:_____
           Collateral:_____ Full claim amount  $_____
           Interest rate: _____%  Approx. Interest   $_____
           Adequate protection payment $_____/mo.
                                      TOTAL CLAIM        $_____

b) Personal Property (vehicles, household goods,
     jewelry, etc.)
    i)    Creditor:_____
           Collateral:_____  Full claim amount  $_____
           Interest rate: __10_____%  Approx. Interest   $_____
           Limited to fair market value of collateral:(X)YES or NO
           Adequate protection payment $_____/mo.
                                      TOTAL CLAIM        $

(4) Direct Payments to be made by Debtor that are **not**
     in arrears (including ongoing City and County taxes)
    a)    Creditor:__Ford Credit_____
           Collateral:_1997 350 Ford_____
           Regular monthly payment $622.00_/mo.
           Commence date _09/01/03_  Final payment date _N/A_____
b)   Creditor: Zd 21/slow Piroq
           Collateral:_Boat_____
           Regular monthly payment $____100.00_/mo.
           Commence date _____  Final payment date __N/A_____

(5) Collateral to be Surrendered
    a)    Creditor:_____
           Collateral:_____
           Location of Collateral:_____

C. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**
    a)    Creditor:_____

```
                Collateral:_____
                Reject: yes/no   Returned to creditor: yes/no
                Assume: yes/no       Regular monthly payment $_____/mo.
                                     No. of months remaining _____
```

## D. UNSECURED PRIORITY CLAIMS:

(1) Taxes (Federal, State, City and County)
    a) Creditor:_____
       Period/Type:_____ Claim amount $_____

                                            TOTAL CLAIM        $_____

(2) Child Support/Alimony
    a) Creditor:_____
                                   Pre-petition claim $_____
       Interest rate: _____%    Approx. Interest   $_____
       Direct payment $_____/mo.  To commence:_____

                                              TOTAL CLAIM        $_____

(3) Other Priority
    a) Creditor:_____
       Type of Priority:_____   Pre-petition claim $_____
       Interest rate: _____%    Approx. Interest   $_____
       Direct payment $_____/mo.  To commence:_____

                                              TOTAL CLAIM        $_____

## E. UNSECURED NONPRIORITY CLAIMS:

(1) Special Class
    a) Creditor:_____
       Reason for special class:_____
                                   Pre-petition claim $_____
                                   Percentage to be paid _____%
                                   TOTAL CLAIM        $_____

(2) General Unsecured
    a) Approximate total amount of all claims   $ 34,455.00
       Approximate percentage to be paid          _7_%
                       APPROXIMATE AMOUNT TO BE PAID   $347 [handwritten]  ~~$2,400.00~~
       Is Approximate Amount to be Paid modifiable? Yes/no
       If no, explain:_____

(3) Late-Filed
    a) Approximate total amount of all claims   $____0____
       Approximate percentage to be paid          ____0____%
                       APPROXIMATE AMOUNT TO BE PAID   $___-0-___
       Is Approximate Amount to be Paid modifiable? Yes/no
       If no, explain:_____

## F. POST-PETITION CLAIMS (11 U.S.C. §1305):

(a) Taxes (Federal, State, City and County)
  a)  Creditor:_____
      Period/Type:_____  Claim amount $_____
                  Approx. Interest & penalties $_____
                                   TOTAL CLAIM            $_____

(b) Other
  a)  Creditor:_____
      Type:_____         Claim amount $_____
                  Approx. Interest & penalties $_____
                                   TOTAL CLAIM            $_____

**G. TOTAL CLAIMS PAID BY TRUSTEE: (Add A-F)**  $25,919 ~~$24,902.00~~
**H. TRUSTEE COMPENSATION:**  $2879 ~~$2,761.00~~
  (1) Not to exceed 10% (divide F. by 9)
**I. TOTAL PLAN PAYMENTS TO TRUSTEE (Add G-H, must equal 3C)**  ~~$27,669.00~~ $28,798

**5. ORDER OF DISTRIBUTION BY TRUSTEE:** The Trustee shall distribute to allowed claims in the following order:
  A. Section 4(A) - Administrative Claims (unless 4B(3) adequate protection payments shown)
  B. Section 4(B) - Secured Claims
  C. Section 4(F) - Post Petition Claims
  D. Section 4(D) - Unsecured Priority Claims
  E. Section 4(E) - Unsecured Nonpriority Claims

**6. LIENS TO BE AVOIDED BY MOTION:**
  a)  Creditor:_____
      Collateral:_____
      Type of Lien:_____
      Value of Lien:_____

**7. LIQUIDATION VALUE:**

  Liquidation value (from worksheet in Guidelines)              $_____

  Liquidation value to be paid to priority claims               $_____
  Liquidation value to be paid to non-priority claims           $_____

  Liquidation value is based on:_____

**8. SCHEDULES/STATEMENT OF FINANCIAL AFFAIRS:**

5

Copies of the Debtor(s) Schedules and Statement of Financial Affairs may be obtained from the United States Bankruptcy Court Clerk's Office, 300 Las Vegas Blvd. South, Second Floor, Las Vegas, Nevada 89101. Documents may also be viewed via the Bankruptcy Court's website (www.nvb.uscourts.gov).

**9. SIGNATURE BY DEBTOR(S):**

The undersigned Debtor(s), declare under penalties of perjury, that I have read the foregoing Chapter 13 Plan, including any attached sheets, and I know and understand the contents thereof and my obligations thereunder.

_____
Debtor

_____
Joint Debtor (if any)

**10. ATTORNEY SIGNATURE:** /s/ Daniel P. Rickert, Esq.        /  4/27/05
       **ATTORNEY FOR DEBTOR(S)**                                         **DATE**

**TRUSTEE SIGNATURE:** /s/ Kathleen A. Leavitt        /  5/10/05
                                                                                          **DATE**

Employee of
Kathleen A. Leavitt
Chapter 13 Bankruptcy Trustee

03-19607

6

EXHIBIT A1

NAME:    Cortinas, Armando M              BK-S-03-19607-LBR
         Cortinas, Beatrice B

A moratorium will be placed on any delinquency accrued through the date of this modification but remains subject to the Trustee's review of disposable income during this same period.

###